The Honorable Wayne Matthews Prosecuting Attorney Jefferson County Courthouse P.O. Box 8051 Pine Bluff, AR 71611
Dear Mr. Matthews:
This is in response to your request for an opinion on the following question:
 Is it within the law for chancery judges to pay appointed referees for mental and alcohol commitments out of their budgeted indigent defense fund?
I assume that this question pertains to the fund authorized under Act 695 of 1983, as amended (A.C.A. 14-20-102 (Supp. 1989)), for the defense of, inter alia, indigent persons against whom commitment procedures for insanity or alcoholism have been brought. It is my opinion that the answer to your question is "no" with regard to this fund. This conclusion is based upon an interpretation of the act, in the absence of case law authority on point.
Section 14-20-102(a) (Supp. 1989) states:
 The quorum court and municipal governing bodies of any county or municipality included within the judicial districts of the state of Arkansas, by appropriate county and municipal legislation, may provide for the creation of a fund to be used for the sole purpose of paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses and in the defense of indigent persons against whom involuntary commitment procedures for insanity or alcoholism have been brought, and for representation in civil and criminal matters of persons deemed incompetent by the court due to minority or mental incapacity, which have been brought in any circuit courts, chancery courts, probate courts, municipal courts, city courts, and police courts within the county including, but not limited to, investigative expenses, expert witness fees, and legal fees.
It is thus clear, for purposes of your inquiry, that the fund may only be used for paying costs incurred "in the defense" of indigent persons against whom the commitment proceedings have been brought. This language may not, in my opinion, reasonably be construed to include the salary or fee of the referee appointed to hear the case. The fund was established, as further illustrated in subsection (c) of 14-20-102, to defray the costs "for defending indigents". It must be concluded from this language that the answer to your question is "no".
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.